UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 98 HEALTH AND WELFARE FUND, by Kara Richotte, as Fund Administrator, et al., | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. 25-40088-MGM |
| ENERGY MAT ALLIANCE, LLC, and CHAD ROMAN MYERS, Individually and as Officer of Energy Mat Alliance, LLC, | * | |
| Defendants. | * | |

MEMORANDUM AND ORDER RE: REPORT AND RECOMMENDATION REGARDING MOTION FOR DEFAULT JUDGMENT
(Dkt. Nos. 10 and 17)

September 30, 2026

MASTROIANNI, U.S.D.J.

In a Report and Recommendation issued September 22, 2026 (Dkt. No. 17), Magistrate Judge Christopher L. Morgan recommended that the court grant Plaintiff's motion for default judgment (Dkt. No. 10) against Defendant Energy Mat Alliance, LLC.[1] After reviewing the documentary evidence submitted by Plaintiff, Judge Morgan concluded that Plaintiff's damages and attorneys' fees calculations are well supported by affidavits and exhibits. In addition, because Defendant Energy Mat Alliance, LLC has not produced its books and records since September 13, 2022 as required by its agreements, Judge Morgan also recommended that the court order Energy

[1] As Judge Morgan recounted, Plaintiffs notified the court that Defendant Chad Roman Myers has filed a Chapter 7 bankruptcy petition with the United States Bankruptcy Court for the Eastern District of Michigan, which explains why default judgment has not been requested against Myers. (Dkt. No. 12.)

Mat Alliance, LLC to provide its books and records for Plaintiffs' review and audit. This court agrees with Judge Morgan's calculations and his recommendation of injunctive relief.[2]

Accordingly, based upon the comprehensive analysis presented in the Report and Recommendation, the court, upon *de novo* review, hereby ADOPTS the Report and Recommendation as to Defendant Energy Mat Alliance, LLC. (Dkt. No. 17). Based upon this, Plaintiff's Motion for Default Judgment (Dkt. No. 10) is hereby GRANTED. The Clerk's Office is directed to endorse the proposed Default Judgment submitted by Plaintiff at Dkt. No. 10-18 and use the post-judgment interest rate of 4.48%.

It is So Ordered.

_/s/ Mark G. Mastroianni_________
MARK G. MASTROIANNI
United States District Judge

[2] Ordinarily, under Fed. R. Civ. P. 72(b)(2), a party has fourteen days to object to a report and recommendation. However, Energy Mat Alliance, LLC is in default, and "a party in default cannot participate in a case unless default has been set aside." *United States v. Fuller*, 691 F. Supp. 3d 372, 379 (D.N.H. 2023); *see also EmPower Energy Sols. Inc. v. Solar Wolf Energy, Inc.*, No. CV 4:21-40044-TSH, 2022 WL 622216, at *3-4 (D. Mass. Jan. 3, 2022) (citing *Clifton v. Tomb*, 21 F.2d 893, 897 (4th Cir. 1927) (noting a party in default "has lost his standing in court, cannot appear in any way, cannot adduce any evidence, and cannot be heard at the final hearing."))); Wright & Miller, 10A Fed. Prac. & Proc. § 2688.1 (4th ed.). Consequently, Energy Mat Alliance, LLC cannot object within the meaning of Fed. R. Civ. P. 72(b)(2), as by defaulting, it has lost its ability to contest this case without seeking removal of the default.